**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **APL MICROSCOPIC, LLC,** § | |
| *Plaintiff* § | |
| § | |
| **v.** § | |
| § | **Case No. 1:19-CV-1044-RP** |
| **GREENE TECHNOLOGIES, LLC,** § | |
| § | |
| *Defendant* § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff APL Microscopic, LLC's Motion for Entry of Final Default Judgment against Defendant Greene Technologies, LLC, filed on January 8, 2020. Dkt. 15. On April 10, 2020, the District Court referred the above motion to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   Background**

On October 25, 2019, Plaintiff filed suit against Defendant for copyright infringement under the Copyright Act, 17 U.S.C. § 106. Plaintiff alleges that in 1996, principal Andrew Paul Leonard created the following photograph, entitled "Scanning electron Microscopy of Human Bone Marrow Stem Cells Image 4" (the "Work"):



Complaint, Dkt. 1 ¶ 14. Leonard assigned the Work to Plaintiff, which was the owner at all relevant times. *Id.* at ¶¶ 3, 16. Plaintiff registered the Work with the Register of Copyrights on December 20, 2007. *Id.* at ¶ 15. The Certificate of Registration is attached to the Complaint. Exhibit 1, Dkt. 1-1.

Plaintiff alleges that Defendant copied the Work without permission and distributed it on a website for Defendant's customer Premier Pain Consultants, PLLC, a Texas professional limited liability company in San Antonio, Texas, "to promote the sale of goods and services as part of their pain management business and website management business." Dkt. 1 ¶¶ 7, 18-21; *see also* Dkt. 15-2. Below is an excerpt from an undated screen capture[1] from the site www.painmanagementsanantonio.com/stem-cell-injections.html attached to the Complaint as Exhibit 2:



---

[1] Leonard states that the screen capture was taken January 17, 2019. Dkt. 15-1 ¶ 22.

Plaintiff submitted a letter from counsel for Premier Pain Consultants and a copy of a licensing agreement between Premier and Defendant stating that Defendant, an Arizona limited liability company, owns the website. Dkt. 15-2.

Plaintiff seeks entry of a default judgment against Defendant for actual damages of $30,000, statutory damages of $150,000, a permanent injunction against further copyright infringement of Plaintiff's photographs by Defendant, $8,786 in attorney's fees, and $476.54 in costs.

Plaintiff served its Complaint on Defendant on October 31, 2019. Dkt. 7. Defendant has made no appearance and failed to plead, respond, or otherwise defend. On December 20, 2019, the clerk granted Plaintiff's motion for an entry of default. Dkt. 13.

## II.  Legal Standard

Under FED. R. CIV. P. 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even where the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

 "After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). A default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu,* 515 F.2d at 1206. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Id.*

A court may hold a hearing to effectuate judgment, conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2). A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III.   Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012). The Court examines each in turn.

**A.  Jurisdiction**

When a party seeks entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (cleaned up). Because this case involves a claim under the Copyright Act, it invokes the Court's original federal question subject matter jurisdiction and its jurisdiction over copyright actions. 28 U.S.C. §§ 1331, 1338.

With respect to personal jurisdiction, a federal court may assert jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Thus, personal jurisdiction is proper if two requirements are met:

4

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up). In order to establish "minimum contacts," it is sufficient to show that the defendant has contacts giving rise to either specific or general jurisdiction. *Id.* In making a determination of "fairness," courts consider:

> (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution to controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.

*Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal quotation marks omitted).

Although Plaintiff did not address personal jurisdiction in its motion, the Court finds that Plaintiff has pleaded facts and submitted evidence sufficient to establish specific jurisdiction over Defendant. Specific jurisdiction exists when: (1) a nonresident defendant has purposefully directed its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 213 (5th Cir. 2016) (stating that personal jurisdiction is proper when the relationship arises out of contacts that the defendant creates with the forum state).

As stated above, Plaintiff submitted a letter from counsel for Premier Pain Consultants and a copy of a licensing contract between Premier and Defendant stating that Defendant owns the website where the infringing copy of the Work was displayed. *See* Dkt. 1-2, 15-2. The agreement pertains to Premier's licensing from Defendant webpages "designated for pain management and chiropractic services in Bexar County, Texas," which is within this District. Dkt. 15-2 at 6 ¶ A.

5

Defendant therefore purposefully directed its activities to and availed itself of this forum. This case arises out of Defendant's contact with Texas because the act of infringement was targeted to consumers in this District. Furthermore, exercise of jurisdiction over Defendant would not "offend traditional notions of fair play and substantial justice." Thus, the Court has specific personal jurisdiction over Defendant.

### B. Liability

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether entry of default judgment is procedurally warranted. Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. Finally, the court determines what relief, if any, the plaintiff should receive. *Wieck v. Synrg. Royce LLC*, No. A-17-CV-599-LY, 2019 WL 697291, at *2 (W.D. Tex. Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 3818043 (W.D. Tex. May 17, 2019).

#### 1. A Default Judgment Is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts in the Fifth Circuit consider the following factors:

> (1) whether material issues of fact are at issue;
>
> (2) whether there has been substantial prejudice;
>
> (3) whether the grounds for default are clearly established;
>
> (4) whether the default was caused by a good faith mistake or excusable neglect;
>
> (5) the harshness of a default judgment; and
>
> (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Applying the relevant factors, the Court finds that default judgment is procedurally warranted. First, because Defendant has not filed an answer or any responsive pleadings, there are no material facts in dispute. Second, taking Plaintiff's well-pleaded factual allegations as true, Plaintiff has asserted a meritorious cause of action for copyright infringement based on Defendant's unauthorized copying and use of the registered Work. Plaintiff will be substantially prejudiced if its request for default judgment is denied. Third, the grounds for default are "clearly established." As previously stated, the clerk has entered default. Fourth, because Defendant has failed to appear, the Court can find no good-faith mistake or excusable neglect on its part. Fifth, Plaintiff seeks only relief to which it is entitled under the Copyright Act, thus mitigating the harshness of a default judgment. Finally, the Court is not aware of any facts giving rise to good cause to set aside default judgment in this case if challenged by Defendant. Accordingly, the Court concludes that default judgment is procedurally warranted.

### 2. There Is a Sufficient Basis for Judgment in the Pleadings

Next, the Court next must determine whether there is a sufficient basis in the pleadings for the judgment requested. To succeed on a claim for copyright infringement, a plaintiff generally must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff has satisfied the first element of copyright infringement by submitting its registration. To satisfy the second element, a plaintiff must show "factual copying and substantial similarity." *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1037 (5th Cir. 2015). Factual copying may be inferred from (1) proof that the defendant had access to the copyrighted

work prior to creation of the infringing work, and (2) probative similarity. *Id.* If access cannot be shown, the plaintiff may prove factual copying "by showing such a striking similarity between the two works that the similarity could only be explained by actual copying." *Armour v. Knowles*, 512 F.3d 147, 152 n.3 (5th Cir. 2007) (internal quotation marks omitted).

Plaintiff pleads no facts as to publication of the Work or how Defendant obtained access to it. Nevertheless, the Court finds that actual copying is established by the striking similarity between the Work and the image on Defendant's website. Plaintiff's evidence demonstrates that Defendant displayed a copy of the entire Work on its site, merely rotating Plaintiff's photograph by ninety degrees. The second element of copyright infringement is satisfied, as well.

As stated, Defendant has not appeared or responded to any pleadings, and thus has not contested any facts submitted by Plaintiff. Taking its allegations as true, Plaintiff has pleaded sufficient facts to demonstrate that Defendant is liable for infringement of Plaintiff's copyright in the Work.

### C. Proper Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of Plaintiff, the Court must determine the appropriate relief. Plaintiff seeks a permanent injunction, actual damages of $30,000, statutory damages of $150,000, and attorneys' fees and costs.

#### 1. Injunctive Relief

Plaintiffs asks the Court to permanently enjoin Defendant from infringing any of its photographs protected by copyright. Under the Copyright Act, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In support of its request, Plaintiff cites only *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996), for the proposition that: "A

8

copyright holder that establishes past infringement and a substantial likelihood of infringement in the future is normally entitled to a permanent injunction against the infringer pursuant to § 502(a)." Dkt. 15 at 12. Plaintiff has made no effort, however, to establish "a substantial likelihood of infringement in the future." Nor has Plaintiff attempted to demonstrate entitlement to permanent injunctive relief by establishing that: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-93 (2006). For these reasons, the undersigned finds that Plaintiff has not established that it is entitled to permanent injunctive relief.

### 2. Damages

Plaintiff also requests both actual and statutory damages. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Plaintiff does not demand any specific amount of damages in its pleading; rather, in ¶ b of its prayer, Plaintiff prays that "Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504."

As a general rule, courts may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits. *James*, 6 F.3d at 310; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). It is a matter within the court's discretion whether to hold a hearing before awarding damages in a default judgment. *See* FED. R. CIV. P. 55(b)(2) (in determining amount of damages entered in default, court may conduct such hearings or order such

references to determine amount of damages "as it deems necessary and proper"); *James*, 6 F.3d at 310 (district court has wide latitude in deciding whether to require evidentiary hearing before entering default judgment). Plaintiff does not request a hearing.

Section 504 of the Copyright Act permits plaintiffs to select either actual damages or statutory damages for copyright infringement. Statutory damages are for "sum of not less than $750 or more than $30,000 as the Court considers just" for any one work. 17 U.S.C. § 504(c)(1). Where the copyright owner proves that infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Courts enjoy wide discretion in awarding damages within the statutory range. *Playboy Enters., Inc. v. Webbworld, Inc.,* 968 F. Supp. 1171, 1176 (N.D. Tex. 1997).

In its motion, Plaintiff seeks actual damages of $30,000 and statutory damages of $150,000. In support of the actual damages award, Plaintiff submits the declaration of principal Andrew Leonard, who avers: "I believe my actual damages in this case to be $30,000 for the use made by [Defendant]. $30,000 is a reasonable license for the unlimited and unrestricted use by [Defendant] on the internet." Dkt. 15-1 ¶ 26. Plaintiff submits no other evidence, but also relies on *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 377 (3d Cir. 2016) ("*Stemtech*"). In *Stemtech*, the Third Circuit Court of Appeals affirmed a jury award of $1.6 million in actual damages for 92 infringing uses of two of Plaintiff's photographs, including the Work at issue here. *Id.* at 394.

The Leonard declaration is not highly detailed concerning the value and scope of Plaintiff's licenses. Nonetheless, Leonard states in his declaration that the Work of microscopic photography he created "was labor-intensive, rare, extremely high-quality, and valuable." Dkt. 15-1 ¶ 11. He described the creation process, from concept through obtaining samples, processing them in a Scanning Electron Microscope, and post-processing and colorizing in Adobe Photoshop. *Id.* at

¶¶ 12-20. One of Plaintiff's images was featured on the cover of TIME magazine's August 7, 2006 issue, and another was featured as one of the magazine's "Best Photos" of 2006. *Id.* at ¶ 5. Leonard avers that Plaintiff's images

> are unique and scarce. I am one of only a very few photographers who are capable of producing quality images of cells. Few if any photographers besides me have successfully captured a quality image of a bone marrow stem cell.

*Id.* at ¶ 6. This evidence supports the request for actual damages, which are within the statutory damages range for infringement of a single work. Considering all the evidence in this case and the jury award in *Stemtech*, the undersigned finds that the requested actual damages of $30,000 for the "unlimited and unrestricted use by [Defendant] on the internet" of the Work is reasonable, just, and proportionate.

As for the requested statutory damages award of $150,000 for willful infringement, a defendant's infringement is willful "if he knows his actions constitute an infringement." *Broad. Music, Inc. v. Xanthas, Inc.,* 855 F.2d 233, 236 (5th Cir. 1988). Copyright infringement also may be willful where a defendant acted reckless disregard for plaintiff's rights. *See Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 394-95 (5th Cir. 2014); *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 2d 743, 768 (W.D. Tex. 2019).

Plaintiff provided no evidence that Defendant willfully infringed its copyright. Plaintiff correctly argues that some courts have inferred willfulness by default alone.[2] Plaintiff also submitted a copy of a default judgment in *APL Microscopic, LLC v. Repair Stem Cell Ass'n, LLC*, No. 3:17-cv-02376 (N.D. Tex. March 30, 2018) ("*Repair Stem Cell*"), in which the Court awarded

---

[2] *See, e.g., Motown Record Co. v. Amerndariz,* No. SA-05-CA-0357-XR, 2005 WL 2645005, at *2 (W.D. Tex. Sept. 22, 2005) ; *Warner Bros. Records, Inc. v. Briones,* No. SA-05-CA-0075-XR, 2005 WL 2645012, at *2 (W.D. Tex. Sept. 20, 2005). In both of these cases, however, the Court awarded statutory damages of $750 per infringement and did not increase them based on willfulness.

statutory damages of $150,000. *Repair Stem Cell* involved infringing use of the same Work at issue here, but is distinguishable in that Plaintiff notified the defendant of its copyright infringement twice before filing suit, and the defendant neither responded nor removed the infringing work from its website. *Id.* at Dkt. 1 ¶¶ 27-28, Exhibits 3-4. Here, Plaintiff alleged that it notified Defendant of its allegations on July 9, 2019, but Defendant failed to respond before Plaintiff filed suit on October 25, 2019. Dkt. 1 ¶ 25. Plaintiff neither submitted its communication to Defendant nor stated whether Defendant continued to use the infringing image once it received notice of Plaintiff's rights. The evidence is insufficient to find that Defendant knew its actions constituted infringement, or that it acted with reckless disregard for or willful blindness to Plaintiff's rights. The undersigned therefore recommends that the District Court deny Plaintiff's request for statutory damages for willful infringement.

### 3. Fees and Costs

Finally, Plaintiff requests $8,786 in attorneys' fees and $476.53 in costs. Dkt. 15 at 14-15. A plaintiff in a copyright infringement suit also may recover full costs and reasonable attorney's fees. 17 U.S.C. § 505. The total amount of costs and fees a plaintiff may recover is left to the discretion of the court. *Id.*

Plaintiff submitted the Declaration of Joel B. Rothman, its counsel, in support of the request. Dkt. 15-4. An itemized list of time billed and additional charges is attached to the declaration. Exhibit 1, Dkt. 15-5. Rothman states that the hourly rates billed ($395 for him, $325 for his former associate, and $200 for his paralegal) are reasonable "because they reflect the market rate in the area for similar quality services. Dkt. 15-4 ¶¶ 8-12. The undersigned agrees that the rates and fees are reasonable, considering the usual and customary charges in this area for similar services. Plaintiff, however, seeks two categories of costs that are not recoverable: courier charges of $10.50

and a business records search fee of $1.03. *See* 28 U.S.C. § 1920. Therefore, the Court should award attorneys' fees of $8,786 and $465 in costs, the latter comprising the $400 filing fee and $65 fee for service in the amount charged by the U.S. Marshals. *See* 28 CFR § 0.114.

## IV.     Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 15) and **ENTER JUDGMENT** in favor of Plaintiff APL Microscopic, LLC, against Defendant Green Technologies, LLC, as set forth above.

The undersigned **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's motion for damages by awarding Plaintiff $30,000 in actual damages, $8,786 in attorneys' fees, and $465 in costs, plus interest pursuant to 28 U.S.C. § 1961.

The undersigned further **RECOMMENDS** that the District Court **DENY** Plaintiff's requests for statutory damages for willful infringement and entry of a permanent injunction.

**IT IS FURTHER ORDERED** that this case be removed from the undersigned's docket and returned to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 27, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE