UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CASE NO.:  1:19-CV-1044-RP

APL MICROSCOPIC, LLC,

      Plaintiff,

v.

GREENE TECHNOLOGIES, LLC,

      Defendant.

**PLAINTIFF APL MICROSCOPIC LLC'S NOTICE OF OBJECTION IN PART TO REPORT AND RECOMMENDATION**

Plaintiff APL MICROSCOPIC, LLC ("APL") by and through its undersigned counsel, hereby files this Objection in part to the May 27, 2020 Report and Recommendation ("R&R") of Magistrate Judge Susan Hightower (DE 18) pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 72. APL objects only to those portions of the R&R that determined APL was not entitled to a permanent injunction or willful statutory damages.

**A.  Introduction**

Plaintiff objects to two portions of the R&R. *First,* the R&R's denial of APL's request for permanent injunctive relief was erroneous. *Second*, the R&R's denial of APL's request for statutory damages for willful infringement was erroneous.

The Honorable Magistrate Judge overlooked that by defaulting, defendant admitted the well pleaded allegations in APL's complaint that a) APL was entitled to a permanent injunction, and b) defendant's infringement was willful.

Furthermore, APL's entitlement to a permanent injunction and willful statutory damages is shown by the Supplemental Declaration of Andrew Leonard of APL ("Leonard Supp. Decl.")

attached hereto as Exhibit 1. This Supplemental Declaration demonstrates that a) the defendant's infringement continued on YouTube even after this lawsuit was filed, and b) that as a result of the defendant's continued infringement despite notice, willfulness was shown.

For these reasons, the portions of the R&R that denied APL a permanent injunction and an award of statutory damages for willfulness should be corrected by the district court.

### B. New Evidence May Be Presented in an Objection to a Report and Recommendation.

Normally review of a magistrate judge's decision is *de novo*. However, the district court "may also *receive further evidence* or recommit the matter to the magistrate [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1) (emphasis added). The federal rules also permit the court to "receive further evidence" from an objector. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.")

Whether the district court accepts the objector's new evidence is within the district court's discretion. *Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). Here, the district court should exercise its discretion and receive the Supplemental Declaration of Andrew Leonard.[1]

There is no prejudice since the defendant defaulted. "The defendant, by his default, admit[ted] the plaintiff's well-pleaded allegations of fact" and those well-pleaded allegations of

---

[1] This is not a situation like the one the Fifth Circuit warned against where the objector used the "magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Freeman*, 142 F.3d at 852. Before Magistrate Judge Hightower, plaintiff relied on defendant's admissions of the allegations of plaintiff's complaint in default that it had committed willful infringement and that plaintiff was entitled to a permanent injunction. Magistrate Judge Hightower could have granted the injunction and awarded willful statutory damages based on these admissions alone.

fact are "thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.")

The complaint alleged that "Greene copied APL's copyrighted Work from the internet in order to advertise, market and promote its business activities" and for purposes of advertising and promoting Greene's business, and in the course and scope of advertising and selling products and services. (DE 1, ¶¶ 8, 21). The Complaint alleged Greene did so "for purposes of advertising and promoting sales to the public in the course and scope of Greene's business" and "to promote the sale of goods and services as part of their pain management business and website management business." (DE 1, ¶¶ 8, 20). The Complaint alleged that these acts by Greene "were willful" and that the harm caused APL "has been irreparable." (DE 1, ¶¶ 31, 33). The Complaint's wherefore clause requested that Greene by "permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501."

These allegations in the Complaint were more than sufficient, upon their admission in default, to conclusively establish willful infringement by Greene. Therefore, the new evidence presented in this supplemental declaration simply provides additional support and amplification to show that Greene's acts were indeed willful and support the entry of a permanent injunction and an enhancement of statutory damages.

### C. The Report and Recommendation Erred in Failing to Grant Permanent Injunctive Relief.

APL's motion for entry of default judgment sought a permanent injunction against the defendant under 17 U.S.C. § 502. (DE 15 at 12). Pursuant to 17 U.S.C. § 502(a), a copyright holder is entitled to a permanent injunction against the infringer if the copyright holder

establishes 1) past infringement, and 2) a substantial likelihood of infringement in the future. *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996).

"[A]n injunction is appropriate if liability has been established and if there is a substantial likelihood of further infringement of Plaintiffs' copyrights." *Motown Record Co. v. Armendariz*, Civil Action No. SA-05-CA-0357-XR, 2005 U.S. Dist. LEXIS 32045 (W.D. Tex. Sep. 22, 2005) (determining that an injunction was appropriate "because Defendant has knowingly infringed and shared Plaintiffs' copyrighted works, and no evidence has been presented showing that Defendant has ceased the unauthorized activities," and therefore "the injunction is proper in order to prevent her from further downloading and distributing copyrighted material…Without an injunction, Plaintiffs' copyrighted sound recordings would remain vulnerable to continuous infringement.")

The R&R denied plaintiff a permanent injunction because the Magistrate Judge determined that "Plaintiff has made no effort, however, to establish 'a substantial likelihood of infringement in the future.'" (DE 18 at 9). This conclusion overlooked that Greene admitted in default that it "copied APL's copyrighted Work from the internet in order to advertise, market and promote its business activities," that its acts were willful, that the harm caused to APL has been irreparable, and that a permanent injunction was required. (DE 1 at 5, 6).

Furthermore, new evidence showing a likelihood of infringement in the future has come to light justifying the entry of a permanent injunction. The Supplemental Declaration of Andrew Leonard of APL demonstrates that the defendant's infringement continues. (Leonard Supp. Dec. at 2). Although the webpage where the Work was previously displayed was removed after this action was filed, the defendant continued to infringe by displaying the Work on its YouTube account, a fact that Leonard discovered after the R&R was filed. (Leonard Supp. Dec. at 3).

Given this new evidence of current, continued infringement, there is a substantial likelihood of future infringement.

Immediate irreparable harm is presumed when continuing infringement is established; where that is the case, injunctive relief should be granted. *Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979); *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1575 (Fed. Cir. 1983); *see also Universal City Studios, Inc. v. Kamar Indus.*, Civil Action No. H-82-2377, 1982 U.S. Dist. LEXIS 15942 (S.D. Tex. Sep. 20, 1982), and *MGE UPS Sys. v. Fakouri Elec. Eng'g*, No. 4:04-CV-445-Y, 2004 U.S. Dist. LEXIS 19274 (N.D. Tex. Sep. 28, 2004), and *Capitol Records v. Beaubouef*, No. 1:08-CV-281-TH, 2009 U.S. Dist. LEXIS 148957 (E.D. Tex. Mar. 24, 2009). As a result of the defendant's continuing infringement, the necessary irreparable harm for issuance of a permanent injunction has been established.

### D. The Report and Recommendation Erred in Failing to Award Statutory Damages.

The R&R awarded $30,000 in actual damages reasoning that the amount is "within the statutory damages range for infringement of a single work," and that APL provided sufficient evidence to support such damages. (DE 18 at 11). However, the R&R did not award statutory damages in an amount greater than $30,000 for willful infringement because APL did not present sufficient evidence to show that the defendant willfully infringed the Work. (DE 18 at 12). This was an error that should be corrected.

Willfulness is found where "the defendant has recklessly disregarded the plaintiff's rights, or upon a showing that the defendant knew or should have known it infringed upon a copyrighted work." *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014) (citing *Lance v. Freddie Records, Inc.*, No. 92-7561, 1993 WL 58790, at *2 (5th Cir. 1993) (emphasis

added)); *see also Phillip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 685, 693 (W.D. Tex. 2008) (explaining that "courts within the Fifth Circuit have found willful conduct where a defendant acts with 'reckless disregard'"), and *Berg v. Symons*, 393 F. Supp. 2d 525, 540 (S.D. Tex. 2005) (holding that willful violations include a "defendant's actions that were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights").

A plaintiff is entitled to statutory damages where the copyright owner proves that the infringement is willful. 17 U.S.C. § 504(c)(2). APL alleged in its complaint that the defendant committed willful infringement supported by the necessary facts. Defendant's default admitted these allegations.

Furthermore, the new evidence contained in the Supplemental Declaration of Andrew Leonard of APL demonstrates that the defendant's infringement did not stop when it was notified, and that it continues. (Leonard Supp. Dec. at 2). The defendant has continued to infringe by displaying the Work on its YouTube account. (Leonard Supp. Dec. at 3). Given this new evidence of current, continued infringement, there can be no question that defendant's infringement is willful.

An award of actual damages alone does not compensate APL for defendant's taking first and paying later for unauthorized use of the Work. APL should have been awarded $150,000 in statutory damages for willful infringement.

WHEREFORE, Plaintiff APL MICROSCOPIC, LLC prays this Honorable Court to overrule those portions of the R&R that deny injunctive relief and statutory damages, and instead award APL statutory damages in the amount of $150,000 or such other amount as justified by the evidence, and also grant a permanent injunction to deter the defendant from its continuing infringement.

DATED: June 10, 2020								Respectfully submitted,

												*/s/  Joel B. Rothman*
												JOEL B. ROTHMAN
												joel.rothman@sriplaw.com

												**SRIPLAW**
												21301 Powerline Road
												Suite 100
												Boca Raton, FL  33433
												561.404.4350 – Telephone
												561.404.4353 – Facsimile

												*Attorneys for Plaintiff APL Microscopic, LLC*