# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **APL MICROSCOPIC, LLC,** *Plaintiff* § § § | |
| **v.** § § | Case No. 1:19-cv-01044-RP |
| **GREENE TECHNOLOGIES, LLC,** *Defendant* § § | |

## ORDER

Now before the Court is Plaintiff's Motion to (1) Compel Defendant and David Greene to Answer Written Interrogatories and (2) Deem Requests for Admission Admitted, filed March 13, 2023 (Dkt. 25). By Text Order entered April 20, 2023, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I. Background

Plaintiff APL Microscopic, LLC ("APL") brought a claim for copyright infringement against Defendant Greene Technologies, LLC. Dkt. 1. The Court granted a default judgment. Dkt. 21. The Court entered final judgment against Greene Technologies on July 22, 2020, awarding APL $30,000 in actual damages, $8,786 in attorney's fees, and $465 in costs. Dkt. 22. The judgment remains unsatisfied. Dkt. 25-1 (Culpepper Decl.) ¶¶ 3, 5.

On December 28, 2022, APL served Greene Technologies with interrogatories and requests for admission, but it did not respond. APL now moves to compel responses to the interrogatories and for an order deeming its requests for admission admitted and awarding APL attorney's fees and costs. Greene Technologies has not appeared in this case and did not respond to APL's motion.

## II. Legal Standard

Rule 69(a)(2) provides that a judgment creditor, "[i]n aid of the judgment or execution . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

> The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor. The discovery must be relevant to that purpose, however, and may not be used in order to harass the judgment debtor or any third parties.

13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 69.04 (2008); *see also* 12 RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 3014 (WRIGHT & MILLER) (3d. ed. May 2, 2023 update) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution."). The scope of post-judgment discovery is "very broad." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## III. Analysis

APL served interrogatories and requests for admission on Greene Technologies and its registered agent and principal, David Greene, via first class mail on December 28, 2022. Dkt. 25-1 (Culpepper Decl.) ¶ 4. Greene Technologies had 30 days to respond, Rule 33(b)(2), but did not.

The Court finds that APL has presented competent evidence that Greene is an officer of Greene Technologies and the discovery requests were properly served on him. The interrogatories seek to identify assets from which the judgment can be satisfied and are within the permissible scope of post-judgment discovery. The Court therefore **GRANTS** APL's motion to compel and **ORDERS** Greene Technologies to respond to the interrogatories **by September 15, 2023**.

The Court also finds that APL's requests for admission should be deemed admitted. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(a)(3). Because Greene Technologies failed to respond, the Court **GRANTS** APL's motion to deem admitted its requests for admission.

APL also asks the Court to award attorney's fees and expenses incurred in bringing this motion. The Court finds that APL should be awarded reasonable expenses under Rule 37(a)(5)(A). APL attempted in good faith to confer with Greene Technologies to obtain responses to the discovery requests, and Greene Technologies' failure to respond was not substantially justified. Finding no other reason that an award of expenses would be unjust, the Court **ORDERS** that Greene Technologies shall bear the reasonable expenses incurred in bringing this motion. APL is directed to submit a supplemental declaration detailing its fees and costs **by September 15, 2023**.

**SIGNED** on August 15, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE