# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **APL MICROSCOPIC, LLC,** § | | |
| *Plaintiff* § | | |
| § | | |
| **v.** § | | |
| § | Case No. 19-CV-1044-RP | |
| **GREENE TECHNOLOGIES, LLC,** § | | |
| *Defendant* § | | |

## ORDER

Before the Court is Plaintiff APL Microscopic, LLC ("APL")'s Supplemental Declaration of Fees and Costs (Dkt. 27).

### I.   Background

APL sued Greene Technologies for copyright infringement. Dkt. 1. The District Court granted a default judgment to APL, which sent post-judgment discovery to Greene Technologies. Dkt. 22; Dkt. 25 ¶ 8. Greene Technologies responded to neither the discovery requests nor APL's Motion to Compel.

On August 15, 2023, this Magistrate Judge granted Plaintiff's Motion to (1) Compel Defendant Greene Technologies, LLC and David Greene to Answer Written Interrogatories and (2) Deem Requests for Admission Admitted. Dkt. 26.[1] The Court found that APL was entitled to fees and expenses incurred in bringing the motion under Federal Rule of Civil Procedure 37(a)(5)(A) and directed APL to submit a declaration of fees and costs. Dkt. 26 at 3. APL requests $675 in attorney's fees and $306 in expenses.

---

[1] By Text Order entered April 20, 2023, the District Court referred Plaintiff's Motion to Compel to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## II. Legal Standard

Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Courts in the Fifth Circuit apply the lodestar method to calculate attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. *Id.* "There is a strong presumption of the reasonableness of the lodestar amount." *Id.*

After calculating the lodestar amount, a court may increase or decrease the fee award based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Black*, 732 F.3d at 502.

## III. Attorney's Fees

To establish a reasonable hourly rate, courts look to the prevailing market rates in the relevant community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The relevant

---

[2] The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

community is "the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation omitted). This Court sits in Austin, Texas.

APL's attorney, Kerry S. Culpepper, submitted a statement of services for 1.5 hours of work and an affidavit attesting that $450 per hour is a reasonable market rate for "a solo practitioner specializing in Electrical technologies." Dkt. 27-1 ¶ 8. Culpepper states that he has more than twenty years of experience in practice, specializing in intellectual property. *Id.* ¶ 7. He also avers that he has served as a delegate for the American Intellectual Property Law Association ("AIPLA") and has twice lectured at National Association of Patent Practitioners conferences. *Id.*

Although Culpepper offers no evidence as to the market rate in Austin, Texas, the most recent AIPLA survey lists the average hourly billing rate for a solo practitioner in Texas as $423. AIPLA REPORT OF THE ECONOMIC SURVEY 2021, at I-25.[3] The Court finds that Culpepper's rate of $450 per hour is "in line with prevailing rates for copyright infringement practitioners of reasonably comparable skill, experience, and reputation in the Austin community." *Takano v. Super Steam of Austin, Inc.*, No. 1:17-CV-00654-RP, 2023 WL 5352628, at *2 (W.D. Tex. Aug. 21, 2023); *see also Aberle v. GP Clubs, LLC*, No. 1:19-CV-1066-RP, 2020 WL 4035074, at *5 (W.D. Tex. July 17, 2020) (finding a rate of $390/hour reasonable for copyright litigation in Austin).

A party seeking attorney's fees also must show "the reasonableness of the hours billed and that the attorneys exercised billing judgment." *Black*, 732 F.3d at 502. Culpepper's detailed time records show that he spent thirty minutes studying the case docket and sending a letter to Defendant and one hour filing the motion to compel. Dkt. 27-1 at 2. The Court finds that the work done in this case is reasonable. *See* Dkt. 27-1 ¶¶ 3-4.

---

[3] The AIPLA survey is "routinely relied upon in intellectual property cases to determine the reasonableness of fee requests." *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 855 (E.D. Tex. 2017).

To calculate the lodestar amount, 1.5 hours of work multiplied by $450 per hour equals a total award of $675. After considering the *Johnson* factors, the Court does not find cause to adjust the lodestar total. *See Johnson*, 488 F.2d at 717-19.

## IV. Expenses

APL also requests an award of $306 for a Lexis Public Records access fee to confirm the address of the officer of Greene Technologies. Dkt. 27-1 ¶¶ 3-4. Culpepper avers that the Lexis fee was "necessary to confirm the officer of [Greene Technologies] and that the papers are being delivered to the correct address for the officer." Dkt. 27-1 ¶ 4. Culpepper states that his meet and confer letter sent to an address for Greene Technologies in Scottsdale, Arizona was returned as undeliverable, requiring the public records search to verify the address for the officer's residence in Cave Creek, Arizona. *Id.*

As stated, a party is entitled to an award of "reasonable expenses incurred in making the motion." FED. R. CIV. P. 37(a)(5)(A). The Court finds that this use of an online database was a reasonable expense incurred in making the motion to compel, and that APL is entitled to recover $306 in costs.

## V. Conclusion

For these reasons, the Court finds that Plaintiff APL Microscopic, LLC should be awarded attorney's fees in the amount of $675 and $306 in costs. The Court **ORDERS** Defendant Greene Technologies, LLC to pay APL $675 in attorney's fees and $306 in costs **by October 12, 2023**.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on September 19, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE